1    Joseph R. Saveri (SBN 130064)                Karin B. Swope (*pro hac vice*)
2    Christopher K.L. Young (SBN 318371)          Thomas E. Loeser, (SBN 202724)
     William W. Castillo Guardado (SBN 294159)    Andrew Fuller (*pro hac vice* to be filed)
3    **SAVERI LAW FIRM, LLP**                      Jacob M. Alhadeff (*pro hac vice* to be filed)
     550 California Street, Suite 910             **COTCHETT, PITRE & MCCARTHY, LLP**
4    San Francisco, CA 94104                      1809 7th Ave., Ste. 1610
     Telephone: (415) 500-6800                    Seattle, WA 98101
5    Facsimile: (415) 395-9940                    Tel: (206) 802-1272
     Email: jsaveri@saverilawfirm.com             Fax: (206) 299-4184
6          cyoung@saverilawfirm.com               Email:  kswope@cpmlegal.com
7          wcastillo@saverilawfirm.com                    tloeser@cpmlegal.com
                                                          afuller@cpmlegal.com
8    Lesley E. Weaver (SBN 191305)                        jalhadeff@cpmlegal.com
     Anne K. Davis (SBN 267909)
9    Joshua D. Samra (SBN 313050)
     **STRANCH, JENNINGS & GARVEY, PLLC**
10   1111 Broadway, Suite 300
11   Oakland, CA 94607
     Tel. (341) 217-0550
12   Email: lweaver@stranchlaw.com
13         adavis@stranchlaw.com
           jsamra@stranchlaw.com
14
     *Attorneys for Individual and Representative*
15   *Plaintiffs E. Molly Tanzer, Jennifer Gilmore,*
     *Tasha Alexander, Jon McGoran, and Art Kleiner*
16
     *[Additional counsel on signature block below]*

17              **UNITED STATES DISTRICT COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19                 **SAN FRANCISCO DIVISION**

20   *In re Salesforce LLM Copyright Infringement*    Master File Case No. 3:25-cv-08862-CRB
     *Litigation*
21                                                    **STIPULATED [~~PROPOSED~~]**
                                                      **PROTECTIVE ORDER**
22

23

24

25

26

27

28

1      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 18.1, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2      DEFINITIONS

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, may merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

2.4     "THIRD-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items: extremely sensitive documents produced by a Non-Party, which may include agreements or draft agreements, negotiations, and related communications, between a producing party and a third party. House Counsel cannot access these documents absent explicit written permission from the producing Non-Party. For the avoidance of doubt, to the extent expert reports cite to materials so designated, House Counsel may review those reports so long as such material is redacted. House Counsel may not access materials so designated even if such materials are cited in or appended to expert reports.

2.5     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information of Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.6     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.7     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.8     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "THIRD-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.9     Disclosure or Discovery Material: all items or information, including items or information received from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, disclosed, or generated in connection with disclosures or responses to discovery in this matter.

2.10    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.11    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party, as well as partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation.

2.14    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.15    Producing Party: a Party or Non-Party that produces any Disclosure or Discovery Material in this action.

2.16    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "THIRD-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated, and (ii) materials that show on their face they have been disseminated to the public.

2.18    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by order of the Court.

This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way.

Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

4    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5    DESIGNATING PROTECTED MATERIAL

5.1    Available Designations. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such

designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "THIRD-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.2     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practicable to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, then the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, Sections 5.3(a)-(c) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     *Written Discovery and Documents and Tangible Things.* Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 6.1 may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the

Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(b)     *Native Files.* Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designator information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "THIRD-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.

(c)     *Depositions and Testimony.* Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed, i.e., 30 days. Only those portions of the testimony that are appropriately designated for protection within the 30 days after receipt of the deposition transcript shall be covered by the provisions of this Stipulated Protective Order. Any challenges to the designation of Protected Material shall be resolved in accordance with Section 10, below. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material designated in accordance with this paragraph, and such use shall not in any way affect the Protected Material's designation. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the

deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER." The use of a document as an exhibit at a deposition shall not in any way affect its designation as "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," "THIRD-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.4     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

i.     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

ii.     Parties, and the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and (a) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

iii.    Any Expert (as defined in this Order) of the Receiving Party to whom is reasonably necessary for this litigation and (a) who have signed the copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

iv.    Court reporters, stenographers and videographers retained to record testimony taken in this action;

v.    The Court, jury, and court personnel;

vi.    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

vii.    Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed a copy of Exhibit A;

viii.    Mock jurors who have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

ix.    Any mediator, arbitrator, or other dispute-resolution neutral who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

x.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information;

xi.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed a copy of Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

xii.    Any other person with the prior written consent of the Producing Party.

7    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(a)    Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

i.    The Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is necessary to disclose the information for litigation and who have signed a copy of Exhibit A;

ii.    With respect to Discovery Material produced by the Plaintiff, Designated House Counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

iii.    Any Expert (as defined in this Order) of the Receiving Party (a) to whom disclosure is reasonably necessary for this litigation, (b) who have signed a copy of Exhibit A and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

iv.    Court reporters, stenographers and videographers retained to record testimony taken in this action;

v.    The Court, jury, and court personnel;

vi.    Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed a copy of Exhibit A;

vii.    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

viii.    Any mediator, arbitrator, or other dispute resolution neutral who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain

1   confidentiality to the same degree as required by this Protective Order;

2                      xiii.       The Named Plaintiff(s) to the extent the material designated

3   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" expressly names or references that

4   Plaintiff or that Plaintiff's asserted works in this action for the sole purpose of preparing for a

5   deposition or trial testimony. If only a portion of material designated "HIGHLY CONFIDENTIAL

6   – ATTORNEYS' EYES ONLY" that expressly names or references a Named Plaintiff or that

7   Plaintiff's asserted works in this action, only that portion of the document may be disclosed to the

8   Named Plaintiff, as well surrounding context that is strictly necessary to understand the disclosed

9   portion. For example and for clarity, if a spreadsheet is produced, designated "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY," and has a single line item that expressly names

11  or references a Named Plaintiff, only that line of the spreadsheet may be disclosed to that Plaintiff,

12  as well as surrounding context if strictly necessary to understand the disclosed line (e.g., the title

13  of the spreadsheet may also be disclosed if it is necessary to provide the context for the purpose of

14  the reference to Named Plaintiff in the spreadsheet);

15                     ix.         The author or recipient of a document containing the information or

16  a custodian or other person who otherwise possessed or personally knows the information; and

17                     x.          Any other person with the prior written consent of the Producing

18  Party.

19                     xi.         In addition, a Party may disclose arguments and materials derived

20  from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to

21  mock jurors who have agreed to be bound by the provisions of the Protective Order by signing a

22  copy of Exhibit A.

23  8       <u>DISCOVERY     MATERIAL     DESIGNATED     AS     "THIRD-PARTY     HIGHLY</u>

24  <u>CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"</u>

25          (a) Unless otherwise ordered by the Court or permitted in writing by the Designating Party,

26          Discovery Material designated **"THIRD-PARTY HIGHLY CONFIDENTIAL –**

27          **OUTSIDE COUNSEL'S EYES ONLY"** may be disclosed only to:

28

i.      The Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

ii.     Any Expert (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary to perform such work and (a) who have signed a copy of Exhibit A and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

iii.    Court reporters, stenographers and videographers retained to record testimony taken in this action;

iv.     The Court, jury, and court personnel;

v.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information;

vi.     Any other person with the prior written consent of the Producing Party; and

vii.    In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "THIRD PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to mock jurors who have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

9    SOURCE CODE

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and the protections afforded under the

Source Code Protective Order, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed with the exception of Designated House Counsel, and only if otherwise in accordance with the Source Code Protective Order.

10    CHALLENGING CONFIDENTIALITY DESIGNATIONS

10.1    Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

10.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

11      ACCESS TO AND USE OF PROTECTED MATERIAL

11.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 19 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials.

12      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "THIRD-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "THIRD-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

13      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "THIRD-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Fed. R. Evid. 502(d), the production of any Discovery Material, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege or protection applicable to that Discovery Material, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall

be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

15    CLAWBACK PROCEDURE

(a)    Assertion of a Clawback. Any Party or Non-Party may request the return of any produced material or information on the grounds of privilege or work product protection by identifying it, stating the basis of privilege, pursuant to Federal Rule 26(b)(5)(B).

(b)    Clawback Process. Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of produced documents or information on the ground of privilege or work product. If a Party or Non-Party requests the return of such produced material or information then in the custody of one or more Parties, the processing Parties shall immediately cease use or review of and sequester the material, and shall within seven (7) business days:

(c)    Sequester, destroy or return to the requesting Party or non-Party the produced material or information and all copies thereof, and expunge from any other document or material information derived solely from the produced material or information; or

(d)    Notify the producing Party or non-Party that it wishes to challenge the claim of privilege or work product protection and has sequestered the material until the issue can be resolved. The Parties agree to meet and confer regarding the claim of privilege. A party or non-party that asserts that it inadvertently produced privileged or protected documents shall not be required to provide discovery on its internal procedures for conducting review prior to production, and it shall not be required to demonstrate that such procedures were sufficiently rigorous. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, a challenging party may bring the issue to the Court. A Party challenging a clawback request under this Paragraph 17 may use the content of the clawed-back document for the sole purpose of filing a motion with the Court under seal, consistent with Local Rule 79-5, that challenges whether or not the document is privileged or work product.

(e)    Implementation of a Clawback. Where a Party agrees to or is ordered to destroy a clawed back document, the Party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete other copies of the clawed back document. To

the extent that it is not technologically feasible for a receiving Party to destroy a clawed back document (for example, if the clawed back document is part of a production provided on read-only Production Media such that the clawed back document cannot be destroyed without destroying the entire Production Media), the Parties will meet and confer as to an acceptable alternative approach.

16    <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless it is plainly evident that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

17    <u>INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

1   Agreement to Be Bound" that is attached hereto as Exhibit A.

2   18      MISCELLANEOUS

3       18.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

4   seek its modification by the court in the future. By stipulating to this Order, the Parties do not waive

5   the right to argue that certain material may require additional or different confidentiality protections

6   than those set forth herein.

7       (a)     Filing Protected Material. Without written permission from the Designating Party

8   or a court order secured after appropriate notice to all interested persons, a Party may not file in the

9   public record in this action any Protected Material. A Party that seeks to file under seal any

10  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

11  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

12  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

13  that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled

14  to protection under the law. If a Receiving Party's request to file Protected Material under seal

15  pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the

16  Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise

17  instructed by the court.

18      (b)     Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms

19  of this Protective Order shall survive and remain in effect after the Final Determination of the

20  above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter

21  to hear and resolve any disputes arising out of this Protective Order.

22      (c)     Successors. This Order shall be binding upon the Parties hereto, their attorneys, and

23  their successors, executors, personal representatives, administrators, heirs, legal representatives,

24  assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any

25  persons or organizations over which they have direct control.

26      18.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

27  no Party waives any right it otherwise would have to object to disclosing or producing any

28  information or item. Similarly, no Party waives any right to object on any ground to use in evidence

of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

18.3    Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

18.4    Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

18.5    Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders.

19    FINAL DISPOSITION

For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals. Within 90 days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party's outside counsel or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format

1    reproducing or capturing any of the Protected Material.

2           Whether the Protected Material is returned or destroyed, the Receiving Party must submit

3    a written certification to the Producing Party (and, if not the same person or entity, to the

4    Designating Party) by the 90-day deadline that (1) identifies (by category, where appropriate) all

5    the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

6    not retained any copies, abstracts, compilations, summaries or any other format reproducing or

7    capturing any of the Protected Material. Notwithstanding this provision, Counsel may retain one

8    set of all pleadings, filings, transcripts or all depositions, hearings, and trial, exhibits for all motions,

9    depositions, and trials, correspondence, and attorney and consultant and expert work product even

10   if such documents contain Protected Material, for archival purposes. Any such archival copies that

11   contain or constitute Protected Material remain subject to this Protective Order as set forth in

12   Section 4 (DURATION). The Receiving Party shall not otherwise retain or keep copies of

13   document productions.

14   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 5, 2026

By:      /s/ Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, CA 94607
Tel. (341) 217-0550
Email: lweaver@stranchlaw.com
    adavis@stranchlaw.com
    jsamra@stranchlaw.com

Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
William W. Castillo Guardado (SBN 294159)
Avery M. Wolff (*pro hac vice*)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
    cyoung@saverilawfirm.com
    wcastillo@saverilawfirm.com
    awolff@saverilawfirm.com

Karin B. Swope (*pro hac vice*)
Thomas E. Loeser (SBN 202724)
Andrew Fuller (*pro hac vice* to be filed)
Jacob M. Alhadeff (*pro hac vice* to be filed)
**COTCHETT, PITRE & MCCARTHY, LLP**
1809 7th Ave., Ste. 1610
Seattle, WA 98101
Tel: (206) 802-1272
Fax: (206) 299-4184
Email:  kswope@cpmlegal.com
    tloeser@cpmlegal.com
    afuller@cpmlegal.com
    jalhadeff@cpmlegal.com

Joseph I. Marchese (*pro hac vice* to be filed)
Julian C. Diamond (*pro hac vice* to be filed)
Caroline C. Donovan (*pro hac vice* to be filed)
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
Email:  jmarchese@bursor.com
    jdiamond@bursor.com
    cdonovan@bursor.com

1

2

3

*Attorneys for Individual and Representative Plaintiffs E. Molly Tanzer, Jennifer Gilmore, Tasha Alexander, Jon McGoran, and Art Kleiner*

4    Dated: March 5, 2026                    By:    */s/ Christian W. Marcelo*

5                                                  JOSEPH C. GRATZ (CA SBN 240676)
                                                    JGratz@mofo.com
6                                                  TIFFANY CHEUNG (CA SBN 211497)
                                                    TCheung@mofo.com
7                                                  MORRISON & FOERSTER LLP
                                                    425 Market Street,
8                                                  San Francisco, California  94105-2482
                                                    Telephone:    415.268.7000
9                                                  Facsimile:    415.268.7522

10                                                 SARA TALEBIAN, (DC Bar No. 1779112)
                                                    (*pro hac vice*)
11                                                 STalebian@mofo.com
                                                    MORRISON & FOERSTER LLP
12                                                 2100 L Street, NW Suite 900
                                                    Washington, D.C.  20037
13                                                 Telephone:    202.887.1500

14                                                 CHRISTIAN W. MARCELO, (WA Bar No. 51193)
15                                                 (*pro hac vice*)
                                                    CMarcelo@mofo.com
16                                                 MORRISON & FOERSTER LLP
                                                    925 Fourth Avenue, Floor 38
17                                                 Seattle, WA 98104
                                                    Telephone:    206.327.6500

18

19                                                 *Attorneys for Defendant*
                                                    SALESFORCE, INC.
20
                                                    ***
21
### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)
22

23          I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained

24   from the other signatories. I declare under penalty of perjury under the laws of the United States of

25   America that the foregoing is true and correct.

          Executed this 5th day of March, 2026, at Oakland, California.
26
                                                    */s/ Lesley E. Weaver*
27                                                 Lesley E. Weaver

28

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    DATED:    March 5, 2026

4                                              HONORABLE CHARLES R. BREYER
                                               UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of

4  _____ [print or

5  type full address], declare under penalty of perjury that I have read in its entirety and understand

6  the Stipulated Protective Order that was issued by the United States District Court for the

7  Northern District of California on [date] in the case of *In re Salesforce LLM Copyright*

8  *Infringement Litigation*, Case No. 3:25-cv-09560. I agree to comply with and to be bound by all

9  the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

10  comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

11  promise that I will not disclose in any manner any information or item that is subject to this

12  Stipulated Protective Order to any person or entity except in strict compliance with the provisions

13  of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court for the

15  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16  Order, even if such enforcement proceedings occur after termination of this action.

17      I hereby appoint _____ [print or type full name] of

18  _____ [print or

19  type full address and telephone number] as my California agent for service of process in

20  connection with this action or any proceedings related to enforcement of this Stipulated Protective

21  Order.

22

23  Date: _____

24  City and State where sworn and signed: _____

25

26  Printed name: _____

27

28  Signature: _____

- 24 -                              Case No. 3:25-cv-08862-CRB