Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
William W. Castillo Guardado (SBN 294159)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:  jsaveri@saverilawfirm.com
 cyoung@saverilawfirm.com
 wcastillo@saverilawfirm.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, CA 94607
Tel. (341) 217-0550
Email: lweaver@stranchlaw.com
 adavis@stranchlaw.com
 jsamra@stranchlaw.com

Karin B. Swope (*pro hac vice*)
Thomas E. Loeser (SBN 202724)
Andrew Fuller (*pro hac vice* to be filed)
Jacob M. Alhadeff (*pro hac vice* to be filed)
**COTCHETT, PITRE & MCCARTHY, LLP**
1809 7th Ave., Ste. 1610
Seattle, WA 98101
Tel: (206) 802-1272
Fax: (206) 299-4184
Email:  kswope@cpmlegal.com
 tloeser@cpmlegal.com
 afuller@cpmlegal.com
 jalhadeff@cpmlegal.com

*Attorneys for Individual and Representative Plaintiffs E. Molly Tanzer, Jennifer Gilmore, Tasha Alexander, Jon McGoran, and Art Kleiner*

*[Additional counsel on signature block below]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Salesforce LLM Copyright Infringement Litigation* | Master File Case No. 3:25-cv-08862-CRB<br><br>**STIPULATED [~~PROPOSED~~] SOURCE CODE PROTECTIVE ORDER** |

**A.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of nonpublic and confidential source code material for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and request the court to enter the following Stipulated Source Code Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. In addition, the Parties acknowledge that this Stipulated Source Code Protective Order is meant to be read in conjunction with and as a supplement to the Stipulated Protective Order entered in this action on March 5, 2026 [ECF No. 38] ("Protective Order").

**B.     DESIGNATING PROTECTED SOURCE CODE MATERIAL**

1.     A Party may designate extremely sensitive Protected Discovery Material as "HIGHLY CONFIDENTIAL – SOURCE CODE" if the material represents confidential, proprietary, or trade secret computer code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and associated comments, revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, ("Source Code Material"), and disclosure of that material to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, pseudocode, and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code is not Source Code Material but may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

1  EYES ONLY" or "CONFIDENTIAL." A Receiving Party may make reasonable requests that if
2  particular documents are made available for inspection that contain both Source Code Material and
3  material that is "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"
4  "CONFIDENTIAL," or otherwise non-confidential, that the documents also be produced with the
5  Source Code Material redacted and the documents marked "HIGHLY CONFIDENTIAL -
6  ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," if applicable. If the parties have a dispute
7  regarding such a request, the Receiving Party shall follow the procedures outlined in Paragraph
8  10.2 of the Protective Order.

9      2.    For Protected Discovery Material designated Highly Confidential – SOURCE
10  CODE, the following additional restrictions apply:

11      a.    Source Code Material, to the extent any producing Party makes it available
12  for inspection, shall be made available in native format. Access to a Party's Source Code Material
13  shall be provided only on "standalone" computer(s) (that is, the computer(s) may be interconnected
14  with one another as well as to other devices necessary for accessing the source code (e.g., an
15  external hard drive on which the producing Party provides the Source Code Material), but may not
16  be linked to any other network, including a local area network ("LAN"), an intranet or the Internet)
17  (the "Source Code Computer(s)"). Each standalone Source Code Computer should be connected to
18  an external monitor, an external keyboard, and an external mouse. The hardware and software
19  specifications of the Source Code Computer(s) (e.g., processor speed, RAM, operating system,
20  monitor, compatible IDE and any dependencies) shall be commensurate with that of computers
21  used by the producing Party to review source code in the ordinary course of business. Additionally,
22  the Source Code Computer(s) may only be located at the offices of the producing Party, the offices
23  of the producing Party's outside counsel or its vendors, a secure location determined by the
24  producing Party, or if necessary, another mutually agreed upon location;

25      b.    The receiving Party shall make reasonable efforts to restrict its requests for
26  such access to the Source Code Computer(s) to normal business hours, which for purposes of this
27  paragraph shall be 8:30 a.m. through 6:00 p.m., Monday through Friday, local time where the
28  Source Code Computer(s) are physically located, excluding any local holidays. However, upon

1  reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's reasonable request for access to the Source Code Computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

        c.        The receiving Party shall provide the producing Party with notice of its intent to inspect the Source Code Computer(s) at least seven (7) business days prior to a first inspection and three (3) business days for any non-contiguous subsequent inspection. The notice may state that the review will continue from day-to-day as needed. The receiving Party shall provide the name(s) of the individual(s) who will be attending the inspection in writing to the producing Party at least seven (7) business days in advance of the first time that such person inspects the Source Code Computer(s) and at least three (3) business days in advance of any subsequent inspection. All notices shall also include the inspecting individual's expected inspection hours on each inspection day. All authorized persons inspecting the Source Code Computer(s) shall, on each day they view the Source Code Computer(s), sign a log that will include the names of persons who enter the secured room to view the Source Code Computer(s) and when they enter and depart. Proper identification of all authorized persons shall be provided by the receiving Party prior to any access to the secure inspection room or the secured Source Code Computer(s). Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure inspection room or the secured Source Code Computer(s) may be denied, at the discretion of the producing Party, to any individual who fails to provide proper identification;

        d.        The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s). The receiving Party's personnel are prohibited from bringing outside electronic devices, including but not limited to phones, computers, recording devices, flash drives, cameras, or other hardware into the room with the

Source Code Computer(s). The hosting facility for the producing Party shall provide a secure location to store personal electronic devices;

      e.      The receiving Party shall be entitled to take notes (electronic or non-electronic) relating to the Source Code Materials but may not copy the Source Code Materials into such notes. To the extent the receiving Party desires to take notes electronically, the producing Party shall provide a note-taking computer (e.g., a computer, which is distinct from the Source Code Computer(s)), that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type (including but not limited to camera or video functionality) disabled)) ("note-taking computer") with a current, widely used word processing program in the Source Code Material review room for the receiving Party's use in taking such notes. The note-taking computer shall be used for the sole purpose of notetaking and shall be retained by the producing Party. Such notes shall be downloaded to or uploaded from a removable disk or drive for the receiving Party (but not the producing Party) by the producing Party each review day at the request of the reviewer. The note-taking computer shall have no features which would hinder the complete clearing of the receiving Party's notes after such notes have been downloaded. Any such notes shall not include copies or reproductions of portions of the Source Code Material; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, or procedure names. No copies of any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein. The producing Party shall not review the substance of the notes at any time. Notwithstanding the foregoing, any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" and be treated as such under the entered Protective Order;

      f.      The producing Party may visually monitor the activities of the receiving Party's representatives during any inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material. Any monitoring must be conducted from outside the room where the inspection is taking place;

g. Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this protocol, the receiving Party's counsel and/or experts shall remove all notes, documents, and all other materials from the secure inspection room. The producing Party shall not be responsible for any items left in the room following each inspection session, and the receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Nothing in the foregoing prohibits the receiving Party from designating items left in the room as privileged or protected under Section 5 of the Protective Order;

h. The producing Party shall reasonably attempt to provide telephone and internet access in a room separate from the room housing the Source Code Computer(s) chosen by the producing Party that is within close proximity to the secure source code review room. A reviewer shall be permitted to access the internet and use a personal cell phone in that room;

i. The producing Party shall load its Source Code Material in a text-searchable file format, as it is kept in the ordinary course of business, on the Source Code Computer(s). The receiving Party may request that the producing Party install licensed software on the Source Code Computer(s) that is reasonably necessary to assist with review of the producing Party's Source Code Material. Such request shall be subject to the approval of the producing Party, which shall not be unreasonably withheld. To allow the producing Party reasonable time to prepare the Source Code Computer(s), the receiving Party must provide the producing Party the computer medium (e.g., CD, DVD, USB drive, or FTP) containing the requested software tools and required licenses at least ten (10) business days in advance of the inspection. The producing Party will install and confirm installation of said software on the Source Code Computer(s) prior to the inspection;

j. Access to Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" by the receiving Party shall be limited to outside counsel and up to five (5) outside consultants or experts[1] (i.e., not existing employees or affiliates of a Party or an affiliate of

---

[1] For the purposes of this Order, an outside consultant or expert is defined to include the outside consultant's or expert's support personnel within his or her firm, such that the disclosure to a consultant or expert who works with others under his or her direction shall count as a disclosure to a single consultant or expert, provided that each outside person has signed the Agreement to be Bound (Exhibit A to the Protective Order).

1   a Party) retained for the purpose of this litigation and approved to access such Protected Materials
2   pursuant to paragraph 9(b) of the Protective Order;

3      k. A receiving Party may include Protected Material designated "HIGHLY
4   CONFIDENTIAL – SOURCE CODE" in a pleading, exhibit, expert report, discovery document,
5   deposition transcript, other Court document ("Source Code Document"), provided that the Source
6   Code Documents are also designated "HIGHLY CONFIDENTIAL – SOURCE CODE", restricted
7   to those who are entitled to have access to them as specified herein, and, if filed with the Court,
8   filed under seal in accordance with the Court's rules, procedures, and orders. The receiving Party
9   shall only include such excerpts or portions of Protected Material as reasonably necessary for the
10  purposes for which such Protected Material is used. To the extent Protected Material designated
11  "HIGHLY CONFIDENTIAL – SOURCE CODE" are quoted or attached as exhibit(s) in a Source
12  Code Document, either (1) the entire Source Code Document will be stamped and treated as
13  "HIGHLY CONFIDENTIAL – SOURCE CODE", or (2) those pages containing quoted Protected
14  Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" will be separately stamped
15  and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

16     l. Except as set forth in paragraph 2(r) below, no electronic copies of printouts
17  of Source Code Material (as described in paragraph 2(m)) shall be made without prior written
18  consent of the producing Party, except as necessary to create documents which, pursuant to the
19  Court's rules, procedures, and order, must be filed or served electronically. The receiving Party
20  shall only include such excerpts as are reasonably necessary for the purposes for which such part
21  of the Source Code Material is used;

22     m. The receiving Party shall be permitted to request a reasonable number of
23  printouts of Source Code Material (which shall presumptively be a total of nine hundred and
24  seventy-five (975) pages of Source Code Material per producing Party), but no more than seventy
25  (70) pages of consecutive source code, that is reasonably necessary for the preparation of court
26  filings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies
27  for the purpose of avoiding electronic review on the Source Code Computer(s) in the first instance,
28  all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE

1 CODE." The receiving Party shall maintain a log of all such files that are printed and of any
2 individual who has inspected any portion of the Source Code Material in electronic or paper form.
3 All printouts shall be given to the producing Party for inspection by placing the files requested to
4 be printed in a folder designated for such printouts on the Source Code Computer(s) and, where
5 applicable, identifying the files by file path, file name, and line numbers, and will notify the
6 producing Party of a request to print those pages. Within five (5) business days of such request, the
7 producing Party shall provide five (5) bates-stamped paper copies of such unobjected pages to the
8 receiving party. A receiving Party may in good faith request additional printouts. The Parties
9 understand and agree that the above page limitations were agreed upon without knowledge of the
10 number of pages of source code that may or should be necessary for use in this Action, and therefore
11 agree to meet and confer in good faith in the event a Party requests a reasonable enlargement;

12       n.     The producing Party may challenge the amount of requested Source Code
13 Material printouts pursuant to the dispute resolution procedure and timeframes set out in paragraph
14 10.2 of the Protective Order;

15       o.     Any printed pages of Source Code Material, and any other documents or
16 things reflecting Source Code Material that have been designated as "HIGHLY CONFIDENTIAL
17 - SOURCE CODE" may not be copied, digitally imaged, or otherwise duplicated, except in limited
18 excerpts as outlined in 2(k) and 2(l);

19       p.     Should such printouts be transferred back to electronic media as permitted
20 in paragraphs 2(k), 2(l) and 2(r), such media shall be labeled "HIGHLY CONFIDENTIAL –
21 SOURCE CODE" and shall continue to be treated as such;

22       q.     If the receiving Party's outside counsel, consultants, or experts obtain
23 printouts of Source Code Material, the receiving Party shall ensure that such outside counsel,
24 consultants, or experts keep the printouts in a secured locked area in the offices of such outside
25 counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts at: (i)
26 the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with
27 the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are
28 taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably

1  necessary to transport (e.g., a hotel prior to a Court proceeding or deposition), provided that the
2  printouts are kept in a secure manner that ensures access is limited to the persons authorized under
3  this Order;

4        r.     Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" may
5  only be transported by the receiving Party at the direction of a person authorized under paragraph
6  2(j) above to another person authorized under paragraph 2(j) above, on paper or removable
7  electronic media (e.g., a DVD, CD-ROM, flash memory "stick," or external hard drive) via hand
8  carry, Federal Express or other similarly reliable courier. Source Code Material, and printouts or
9  excerpts thereof, may not be transported or transmitted electronically over a network of any kind,
10 including a LAN, an intranet, or the Internet. Printouts of Source Code Material may only be
11 transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in
12 paragraph 2(k), 2(l), and 2(q) above and is at all times subject to the transport and labeling
13 restrictions set forth herein. But, for those purposes only, printouts of the Source Code Materials
14 may be loaded onto a non-networked, stand-alone computer;

15        s.     All copies of any Protected Material designated "HIGHLY
16 CONFIDENTIAL – SOURCE CODE" in whatever form shall be securely destroyed if they are no
17 longer reasonably necessary in this Action (e.g., extra copies at the conclusion of deposition).
18 Copies of Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" that are
19 marked as deposition exhibits shall not be provided to the court reporter or attached to deposition
20 transcripts; rather, the deposition record will identify the exhibit by its production numbers; and

21        t.     Nothing in this Source Code Order shall alter or change in any way the
22 requirements of the Protective Order. In the event of any conflict, however, this Source Code Order
23 shall control for any Source Code Material made available for inspection.

24 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

25

26 Dated: March 12, 2026           By:    /s/ Lesley E. Weaver

27                                                 Lesley E. Weaver (SBN 191305)
                                                Anne K. Davis (SBN 267909)
28                                                Joshua D. Samra (SBN 313050)

|    |                                                                                    |
|----|------------------------------------------------------------------------------------|
| 1  | **STRANCH, JENNINGS & GARVEY, PLLC**                                               |
|    | 1111 Broadway, Suite 300                                                           |
| 2  | Oakland, CA 94607                                                                  |
|    | Tel. (341) 217-0550                                                                |
| 3  | Email: lweaver@stranchlaw.com                                                      |
|    |        adavis@stranchlaw.com                                                       |
| 4  |        jsamra@stranchlaw.com                                                       |

Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
William W. Castillo Guardado (SBN 294159)
Avery M. Wolff (*pro hac vice*)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
       cyoung@saverilawfirm.com
       wcastillo@saverilawfirm.com
       awolff@saverilawfirm.com

Karin B. Swope (*pro hac vice*)
Thomas E. Loeser (SBN 202724)
Andrew Fuller (*pro hac vice* to be filed)
Jacob M. Alhadeff (*pro hac vice* to be filed)
**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Ave., Ste. 1610
Seattle, WA 98101
Tel: (206) 802-1272
Fax: (206) 299-4184
Email:  kswope@cpmlegal.com
        tloeser@cpmlegal.com
        afuller@cpmlegal.com
        jalhadeff@cpmlegal.com

Joseph I. Marchese (*pro hac vice* to be filed)
Julian C. Diamond (*pro hac vice* to be filed)
Caroline C. Donovan (*pro hac vice* to be filed)
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
Email:  jmarchese@bursor.com
        jdiamond@bursor.com
        cdonovan@bursor.com

*Attorneys for Individual and Representative Plaintiffs E. Molly Tanzer, Jennifer Gilmore, Tasha Alexander, Jon McGoran, and Art Kleiner*

| | | |
|---|---|---|
| Dated: March 12, 2026 | By: | */s/ Christian W. Marcelo* |

JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

CHRISTIAN W. MARCELO, (WA Bar No. 51193)
(*pro hac vice*)
CMarcelo@mofo.com
MORRISON & FOERSTER LLP
925 Fourth Avenue, Floor 38
Seattle, WA 98104
Telephone: 206.327.6500

SARA TALEBIAN, (DC Bar No. 1779112)
(*pro hac vice*)
STalebian@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, D.C. 20037
Telephone: 202.887.1500

*Attorneys for Defendant*
SALESFORCE, INC.

\*\*\*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of March, 2026, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: March 13, 2026

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE