JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

CHRISTIAN W. MARCELO, (WA Bar No. 51193)
(*pro hac vice*)
CMarcelo@mofo.com
MORRISON & FOERSTER LLP
925 Fourth Avenue, Floor 38
Seattle, WA 98104
Telephone: 206.327.6500

SARA TALEBIAN, (DC Bar No. 1779112)
(*pro hac vice*)
STalebian@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, D.C. 20037
Telephone: 202.887.1500

Attorneys for Defendant
SALESFORCE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Salesforce LLM Copyright Infringement Litigation*

Case No. 3:25-cv-08862-CRB

**JOINT STIPULATION AND ORDER FOR EXTENSION OF SUBSTANTIAL COMPLETION DEADLINE**

Judge: Honorable Charles R. Breyer

Pursuant to Civil Local Rules 6-2 and 7-12, Plaintiffs E. Molly Tanzer, Jennifer Gilmore, Tasha Alexander, Jon McGoran, and Art Kleiner ("Plaintiffs") and Defendant Salesforce, Inc. ("Salesforce") (together, the "Parties"), by and through their respective counsel, hereby stipulate as follows:

WHEREAS, on March 16, 2026, the Court adopted Plaintiffs' Proposed Schedule as set forth in the Parties' Joint Case Management Statement, which set November 7, 2026 as the deadline for substantial completion of productions and July 23, 2027 as the close of fact discovery (ECF No. 45);

WHEREAS, on April 2, 2026, the Court entered the Parties' ESI Stipulation and Order governing the identification of custodians, search methodology, and production of electronically stored information (ECF No. 48);

WHEREAS, notwithstanding Salesforce's diligent efforts, the scope and complexity of the identification, collection, and review of responsive source code and training data for the large language models at issue in this action make completion of these productions by November 7, 2026 impracticable;

WHEREAS, the Parties have met and conferred and agree to a brief extension of the substantial completion deadline to November 30, 2026 for the production of source code, training data, and non-custodial electronically stored information ("ESI");

WHEREAS, Salesforce agreed to additional ESI document custodians on November 2, 2026 and November 6, 2026;

WHEREAS, the Parties further agree that Salesforce will substantially complete document production for the additional ESI custodians added on or between November 2 and 6, 2026 by December 11, 2026;

WHEREAS, the requested extension will not affect any other deadline in the case schedule, including the July 23, 2027 close of fact discovery;

WHEREAS, on November 7, 2025, the Parties stipulated under Civil Local Rule 6-1(a) to extend Salesforce's deadline to respond to the Complaint from November 10 to December 15, 2025 (ECF No. 9);

WHEREAS, on December 15, 2025, the Parties stipulated under Civil Local Rules 6-1(a) and 7-12 to further extend that deadline to January 20, 2026, but no later than Salesforce's response deadline in any similar complaint filed in the United States (ECF No. 15);

WHEREAS, on December 31, 2025, the Court granted the Parties' stipulation consolidating the Tanzer and Alexander actions, which vacated the existing response, initial disclosure, case management, and ADR deadlines and set the following: (i) consolidated complaint due January 20, 2026, with Salesforce's response due 30 days after filing, and any motion to dismiss opposition and reply due 45 and 30 days thereafter; (ii) Rule 26(f) conference on February 3, 2026; (iii) initial disclosures due February 17, 2026; (iv) case management conference on March 20, 2026, with the Joint Case Management Statement due March 13, 2026; and (v) ADR certifications due seven days before the case management conference (ECF Nos. 16, 17);

WHEREAS, the March 16, 2026 Order also vacated the March 20, 2026 case management conference (ECF No. 45), which the Clerk reset to November 20, 2026, with the Joint Case Management Statement due November 13, 2026 (ECF No. 46);

WHEREAS, there have been no other time modifications in this case, and this is the Parties' first request to modify the substantial completion deadline;

NOW, THEREFORE, the Parties stipulate and agree, subject to the Court's approval, that the deadline for substantial completion of productions shall be extended from November 7, 2026 to November 30, 2026 for source code, training data, and non-custodial ESI and to December 11, 2026 for the ESI custodians added on or between November 2 and 6, 2026. All other dates set forth in the Court's March 16, 2026 Order (ECF No. 45) remain unchanged.

IT IS SO STIPULATED.

Dated: November 6, 2026

Respectfully submitted,

MORRISON & FOERSTER LLP

By: */s/ Christian W. Marcelo*
Joseph C. Gratz
Tiffany Cheung
Christian W. Marcelo
Sara Talebian

*Attorneys for Defendant SALESFORCE, INC.*

Dated: November 6, 2026

COTCHETT, PITRE & MCCARTHY, LLP

By: */s/ Karin B. Swope*
Karin B. Swope (pro hac vice)
Thomas E. Loeser (SBN 202724)

SAVERI LAW FIRM, LLP

By: */s/ Joseph R. Saveri*
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)

STRANCH, JENNINGS & GARVEY, PLLC

By: */s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)

Attorneys for Individual and Representative Plaintiffs E. Molly Tanzer, Jennifer Gilmore, Tasha Alexander, Jon McGoran, and Art Kleiner

**E-FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.

*/s/ Christian W. Marcelo*
Christian W. Marcelo

**ORDER**

Pursuant to the stipulation of the Parties, and good cause appearing, the Court ORDERS that the deadline for substantial completion of productions is extended from November 7, 2026 to December 11, 2026. All other dates set forth in the Court's March 16, 2026 Order (ECF No. 45) remain unchanged.

IT IS SO ORDERED.

Dated: November 9, 2026

Hon. Charles R. Breyer
United States District Judge

JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

CHRISTIAN W. MARCELO (WA Bar No. 51193)
(*pro hac vice*)
CMarcelo@mofo.com
MORRISON & FOERSTER LLP
925 Fourth Avenue, Floor 38
Seattle, WA 98104
Telephone: 206.327.6500

SARA TALEBIAN (DC Bar No. 1779112)
(*pro hac vice*)
STalebian@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, D.C. 20037
Telephone: 202.887.1500

Attorneys for Defendant
SALESFORCE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Salesforce LLM Copyright Infringement Litigation* | Case No. 3:25-cv-08862-CRB<br><br>**DECLARATION OF CHRISTIAN W. MARCELO IN SUPPORT OF JOINT STIPULATION AND ORDER FOR EXTENSION OF SUBSTANTIAL COMPLETION DEADLINE**<br><br>Judge: Honorable Charles R. Breyer |

I, Christian W. Marcelo, hereby declare and state as follows:

1. I am an attorney admitted pro hac vice before the United States District Court for the Northern District of California in this action. I am a Partner at the law firm of Morrison & Foerster LLP and attorney of record for Defendant Salesforce, Inc. ("Salesforce") in this action. I make this declaration pursuant to Civil Local Rule 6-2(a) in support of the joint stipulation of Plaintiffs E. Molly Tanzer, Jennifer Gilmore, Tasha Alexander, Jon McGoran, and Art Kleiner ("Plaintiffs") and Salesforce (together, the "Parties") to extend the deadline for substantial completion of productions (the "Stipulation"). The matters set forth below are within my personal knowledge or my review of the docket in this action. If called as a witness, I could and would competently testify to the facts stated in this declaration.

2. On March 16, 2026, the Court adopted Plaintiffs' Proposed Schedule as set forth in the Parties' Joint Case Management Statement, which set Saturday, November 7, 2026 as the deadline for substantial completion of productions and July 23, 2027 as the close of fact discovery. ECF No. 45.

3. On April 2, 2026, the Court entered the Parties' ESI Stipulation and Order governing the identification of custodians, search methodology, and production of electronically stored information. ECF No. 48.

4. Salesforce has worked diligently to meet the substantial completion deadline. Salesforce collected documents from eight custodians, ran over 80 search terms containing several sub-parts, and collected hundreds of thousands of documents for review.

5. On October 22, 2026, Plaintiffs requested that Salesforce add three additional document custodians, which Salesforce agreed to.

6. To date, Salesforce has produced or made available for inspection over 7,000 custodian files, consisting of over 60,000 pages of documents. Salesforce is currently working on an additional production of another approximately 7,000 custodian files. Salesforce has also produced over 200,000 of source code files.

7. Notwithstanding these efforts, the scope and complexity of the identification, collection, and review of responsive source code and training data for the large language models at

issue in this action make completion of these productions by November 7, 2026 impracticable. For instance, some repositories of source code and related files contain multiple terabytes of data, which require significant resources and time to collect and/or review.

8. On November 5, 2026, counsel for the Parties met and conferred and agreed to a brief extension of the substantial completion deadline to November 30, 2026 for the production of source code, training data, and non-custodial electronically stored information ("ESI").

9. Salesforce has also agreed to three additional ESI document custodians on November 2, 2026 and November 6, 2026. The Parties further agree that Salesforce will substantially complete document production for the additional ESI custodians added on or between November 2 and 6, 2026 by December 11, 2026.

10. The requested extension will not affect any other deadline in the case schedule, including the November 20, 2026 case management conference and the July 23, 2027 close of fact discovery. All other dates set forth in the Court's March 16, 2026 Order (ECF No. 45) will remain unchanged.

11. The following modifications have previously been made in this case. On November 7, 2025, the Parties stipulated under Civil Local Rule 6-1(a) to extend Salesforce's deadline to respond to the Complaint from November 10 to December 15, 2025, to allow Salesforce's newly retained counsel time to evaluate the Complaint. ECF No. 9.

12. On December 15, 2025, the Parties stipulated under Civil Local Rules 6-1(a) and 7-12 to further extend Salesforce's deadline to respond to the Complaint to January 20, 2026, but no later than Salesforce's response deadline in any similar complaint filed in the United States, so that Salesforce's deadline would align with its deadline to respond to the complaint in the related action Alexander v. Salesforce, Inc., No. 3:25-cv-09560-CRB (N.D. Cal.). ECF No. 15.

13. On December 31, 2025, the Court granted the Parties' stipulation consolidating the Tanzer and Alexander actions, which vacated the existing response, initial disclosure, case management, and ADR deadlines and set the following: (i) consolidated complaint due January 20, 2026, with Salesforce's response due 30 days after filing, and any motion to dismiss opposition and reply due 45 and 30 days thereafter; (ii) Rule 26(f) conference on February 3, 2026; (iii) initial

disclosures due February 17, 2026; (iv) case management conference on March 20, 2026, with the Joint Case Management Statement due March 13, 2026; and (v) ADR certifications due seven days before the case management conference. ECF Nos. 16, 17.

14. The Court's March 16, 2026 Order also vacated the March 20, 2026 case management conference (ECF No. 45), which the Clerk reset to November 20, 2026, with the Joint Case Management Statement due November 13, 2026. ECF No. 46.

15. Other than the modifications described above, there have been no other time modifications in this case, and no previous time modifications related to the substantial completion deadline have been ordered, whether pursuant to stipulation or court order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 6, 2026, in Edmonds, Washington.

*<u>/s/ Christian W. Marcelo</u>*
Christian W. Marcelo